EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2016 TSPR 23 |
| | 194 DPR ____ |
| Ramón L. Segarra Aponte | |

Número del Caso: TS-12,450

Fecha: 5 de febrero de 2016

Materia: Conducta Profesional – La suspensión será efectiva el 11 de febrero de 2016, fecha en que se le notificó al abogado de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón L. Segarra Aponte                    TS-12,450

PER CURIAM

San Juan, Puerto Rico, a 5 de febrero de 2016.

I

El Lcdo. Ramón L. Segarra Aponte (licenciado Segarra Aponte) fue admitido al ejercicio de la abogacía el 16 de julio de 1998 y prestó juramento como notario el 22 de febrero de 1999. Mediante Resolución emitida el 25 de octubre de 2001 este Tribunal lo inactivó como notario, toda vez que éste renunció voluntariamente a esa práctica. Posteriormente, el 24 de julio de 2007, el licenciado Segarra Aponte fue readmitido al ejercicio del notariado y al momento se encuentra activo.

El asunto de epígrafe encuentra su génesis el 30 de abril de 2015, cuando el licenciado Segarra

Aponte se declaró culpable de cometer varios delitos graves contemplados en el Código Penal de 2004, a saber: (1) Art. 216 (Apropiación ilegal de identidad);[1] (2) Art. 218 (Documentos);[2] (3) Art. 222 (Licencia, certificado y otra documentación),[3] y Art. 224 (Posesión y traspaso de documentos falsificados).[4] Luego de establecer que la alegación fue voluntaria, con conocimiento de la naturaleza de los delitos en cuestión y sus consecuencias, el 4 de agosto de 2015, el Tribunal de Primera Instancia le impuso una pena de un año y seis meses de reclusión para cada uno

---

[1] En lo pertinente, el Art. 216 dispone que toda persona que se apropie de un medio de identificación de otra persona con la intención de realizar cualquier acto ilegal incurrirá en delito grave de cuarto grado. *Véase* 33 LPRA sec. 4844.

[2] Del Art. 218 se desprende que toda persona que con intención de defraudar haga, en todo o en parte, un documento, instrumento o escrito falso, mediante el cual se cree, transfiera, termine o de otra forma afecte cualquier derecho, obligación o interés, o que falsamente altere, limite, suprima o destruya, total o parcialmente, uno verdadero, incurrirá en delito grave de cuarto grado. 33 LPRA sec. 4846.

[3] Surge del Art. 222 que incurrirá en delito grave de cuarto grado toda persona que con la intención de defraudar haga, altere, falsifique, imite, circule, pase, publique o posea como genuino cualquier licencia, certificado, diploma, expediente, récord u otro documento de naturaleza análoga que debe ser expedido por un funcionario o empleado del Estado Libre Asociado de Puerto Rico, o por cualquier institución privada autorizada para expedirlo a sabiendas de que el mismo es falso, alterado, falsificado o imitado. 33 LPRA sec. 4850.

[4] El Art. 224 tipifica como delito grave de cuarto grado el que una persona con intención de defraudar posea, use, circule, venda, o pase como genuino o verdadero cualquier documento, instrumento o escrito falsificado a sabiendas de que es falso, alterado, falsificado o imitado, incurrirá en delito grave de cuarto grado. 33 LPRA sec. 4852.

de los delitos, a ser cumplida de forma concurrente. Además, le ordenó el pago que dispone la pena especial. Celebrados los procedimientos de rigor, las respectivas sentencias fueron suspendidas bajo el régimen de libertad a prueba. *Véanse* Sentencias emitidas en el caso criminal Pueblo de Puerto Rico v. Ramón L. Segarra Aponte, ISCR201402122, ISCR201402123, ISCR201402124 y ISCR201402125.

Recibidas las copias certificadas de las Sentencias penales dictadas, el 18 de noviembre de 2015, emitimos una Resolución mediante la cual le concedimos al licenciado Segarra Aponte un término de diez días para que mostrara causa por la cual no debíamos suspenderlo indefinidamente del ejercicio de la abogacía y notaría por motivo de las sentencias penales dictadas en su contra.[5] Tras la concesión de una prórroga, el 30 de diciembre de 2015, el licenciado Segarra Aponte compareció mediante un escrito intitulado *Escrito para Mostrar Causa*. En éste, realizó una exposición de su trayectoria profesional y las circunstancias que lo llevaron a enfrentar el proceso criminal en su contra. De igual forma, expresó que está consciente de las consecuencias que acarrea su conducta y que asumirá con sumisión y humildad la decisión que tome este Tribunal. Finalmente, pidió disculpas por sus actos,

---

[5]Consta en autos que el 2 de diciembre de 2015, la Resolución le fue notificada personalmente al licenciado Segarra Aponte.

ya que entiende que éstos afectaron la imagen y decoro que debe proyectar todo integrante de la profesión jurídica.

## II

Sabido es que este Tribunal tiene la facultad inherente de regular el ejercicio de la abogacía en nuestra jurisdicción. *Rivera Schatz v. ELA y C. Abo. PR II*, 191 DPR 791, 802-803 (2014); *véanse*, además: *In re* Doitteau Cruz, 190 DPR 979, 981 (2014); *In re* Colón Ledée, 190 DPR 51, 54 (2014); *In re* García Suárez, 189 DPR 995, 998 (2013). En virtud de ese poder, podemos desaforar o suspender a los miembros de la profesión que no estén aptos para ejercer tan delicado ministerio.[6] *In re* Colón Ledée, *supra*, pág. 54; *In re* García Suárez, *supra*, pág. 998; *In re* Morell Corrada, 171 DPR 327, 330 (2007); *In re* González Díaz, 163 DPR 648, 650 (2005). La facultad inherente de reglamentar el ejercicio de la abogacía es propia de este Tribunal y no está restringida a estatuto alguno, siempre que se le conceda la oportunidad al letrado de ser escuchado en su defensa. *In re* González Blanes, 65 DPR 381, 391 (1945).

Es por ello que en repetidas ocasiones hemos expresado que los motivos para ejercer nuestra facultad disciplinaria no se limitan a los que son específicamente dispuestos en

---

[6]Nótese que, en lo pertinente, de la Sec. 9 de la Ley de 11 de marzo de 1909 se desprende que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave —en conexión con el ejercicio de su profesión— o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión. *Véase* 4 LPRA sec. 735.

alguna ley. *In re Colón Ledée*, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re González Díaz*, *supra*, pág. 650. Por el contrario, abarcan toda conducta desplegada por el abogado que afecte su condición moral y, de esa forma, lo haga indigno de ser miembro de este foro. *In re Colón Ledée*, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re González Díaz*, *supra*, págs. 650-651; *In re Morell Corrada*, *supra*, pág. 330. En consecuencia, este Tribunal ha afirmado que toda conducta delictiva de un letrado que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es motivo para desaforarlo o suspenderlo. *In re Colón Ledée*, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re González Díaz*, *supra*, pág. 651. Expuesto el marco jurídico pertinente, procedemos a disponer del asunto ante nos.

## III

A todas luces, los delitos por los cuales el licenciado Segarra Aponte resultó convicto, además de ser de naturaleza grave, constituyen depravación moral y muestran la total falta de respeto, honradez, sinceridad y principios en su estado ético. Ante ese cuadro, concluimos que el licenciado Segarra Aponte no se encuentra apto para ejercer la práctica de la abogacía en nuestra jurisdicción. Por ello, procede que ejerzamos nuestro poder inherente de regular la profesión y suspendamos inmediata e

indefinidamente del ejercicio de la abogacía y la notaría al licenciado Segarra Aponte.

## IV

En virtud de la normativa que antecede, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Ramón L. Segarra Aponte.

En consecuencia, se le impone al señor Segarra Aponte el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Segarra Aponte y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Ramón L. Segarra Aponte por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón L. Segarra Aponte                    TS-12,450


SENTENCIA


San Juan, Puerto Rico, a 5 de febrero de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Ramón L. Segarra Aponte.

En consecuencia, se le impone al señor Segarra Aponte el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Segarra Aponte y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Ramón L. Segarra Aponte por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. La Juez Presidenta Interina señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. El Juez Asociado señor Kolthoff Caraballo no intervino.


                        Sonnya Isabel Ramos Zeno
                Secretaria del Tribunal Supremo, Interina