EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Antonio M. Peluzzo Perotín | 2016 TSPR 66  195 DPR ____ |
| --- | --- |

Número del Caso: TS-11,446


Fecha: 11 de abril de 2016


Materia: Conducta Profesional – La suspensión será efectiva el 14 de abril de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Antonio M. Peluzzo Perotín          TS-11,446

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 11 de abril de 2016.

En este caso suspendemos sumariamente a un abogado por su convicción en el foro federal, de conformidad con la Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735 (2010).

I

El Lcdo. Antonio M. Peluzzo Perotín (licenciado Peluzzo Perotín) fue admitido al ejercicio de la abogacía el 18 de enero de 1996 y al de la notaría el 13 de febrero de ese mismo año. Luego de trascender en los medios de comunicación que el letrado había sido arrestado y enfrentaba cargos federales por un alegado esquema mediante el cual gestionaba licencias falsas de portación de armas,

el 27 de diciembre de 2013 emitimos una Resolución

ordenándole a la Procuradora General (Procuradora) y al

Director de la Oficina de Inspección de Notarías investigar

el asunto.   Ante las serias imputaciones vinculadas a la

labor profesional del licenciado Peluzzo Perotín como

abogado y notario, le concedimos treinta días a ambos

funcionarios para que rindieran sus respectivos informes.[1]

En respuesta a una solicitud de información por parte

de la Procuradora, el 13 de enero de 2014 el Fiscal Federal

Auxiliar, José Capó Iriarte (fiscal Capó Iriarte),

encargado del caso para ese entonces, envió una misiva en

la cual confirmó que el licenciado Peluzzo Perotín estaba

acusado de cientos de cargos criminales a nivel federal.[2]

En síntesis, se le imputó la producción, fabricación y

falsificación de documentos judiciales, incluyendo la firma

de varios jueces de Sala Superior, así como los sellos del

---

[1]     El 8 de enero de 2014 emitimos otra Resolución en la que ordenamos la incautación de la obra notarial del Lcdo. Antonio M. Peluzzo Perotín (licenciado Peluzzo Perotín).   Como aparece consignado en el Informe de Seguimiento de la Oficina del Alguacil de este Tribunal de 14 de enero de 2014, el diligenciamiento de esta orden fue negativo, ya que, según informara la Sra. Marianne Martínez, esposa del letrado, la obra en cuestión estaba bajo la custodia del Negociado Federal de Investigaciones o FBI por sus siglas en inglés.   La obra del licenciado Peluzzo Perotín formó parte de los documentos recopilados durante el allanamiento realizado por los oficiales de esta agencia federal en la residencia del abogado, donde, además, ubicaba su sede notarial.

        Más adelante, el 27 de enero de 2014 la Fiscalía Federal autorizó la entrega de la obra protocolar del abogado a la Oficina de Inspección de Notarías (ODIN).   Según indicó el Director de la ODIN, el sello notarial del letrado no fue entregado por la agencia federal.   Después de que la obra incautada fuera inspeccionada y tras varios incidentes relacionados a ésta, el 18 de marzo de 2016 este Tribunal ordenó su aprobación con las deficiencias señaladas en el *Informe Final sobre Estado de Obra Incautada* presentado por la ODIN.

[2]     De conformidad con la Acusación del Gran Jurado de 9 de enero de 2014, el Fiscal Federal Auxiliar, José Capó Iriarte, explicó, entre otras cosas, que el licenciado enfrentaba trescientos cargos federales por violar las secciones 505, 1028(a)(1) y 1028A del Título 18 del United States Code (USC).   18 USC §§ 505, 1028(a)(1) y 1028A (2015).   Esta acusación fue posteriormente enmendada el 1 de mayo de 2014, a los efectos de imputarle más de doscientos cargos adicionales.

Tribunal de Primera Instancia, para facilitar que numerosas personas obtuvieran permisos fraudulentos de portación de armas de fuego. Por tal razón, el fiscal Capó Iriarte indicó que el licenciado Peluzzo Perotín estaba sumariado en el Centro de Detención Metropolitano, o MDC por sus siglas en inglés, pendiente a la celebración del juicio en su contra.[3] El funcionario federal incluyó copia de los documentos judiciales que corroboraban el proceso penal seguido contra el abogado.

El 12 de febrero de 2014 acogimos una solicitud de la Procuradora y paralizamos la investigación disciplinaria ordenada, hasta tanto concluyera el procedimiento criminal federal que enfrentaba el letrado. Así las cosas, el 16 de septiembre de 2014 el abogado hizo una alegación de culpabilidad por el cargo 500 contenido en la Acusación del Gran Jurado Enmendada con fecha de 1 de mayo de 2014 (*Second Superseding Indictment*). A base de ello, el 25 de marzo de 2015 el licenciado Peluzzo Perotín fue hallado culpable de infringir las secciones 1028(a)(1) y 2(b) del Título 18 del USC, 18 USC §§ 1028(a)(1) y 2(b) (2015), por "*[u]nlawful production of documents or authentication features and aiding and abetting*".[4] Éste fue sentenciado a

---

[3]     La vista de acusación estaba señalada para el 22 de enero de 2014.

[4]     El cargo 500 contenido en la última Acusación del Gran Jurado, le imputaba al licenciado Peluzzo Perotín, conjuntamente con otros acusados, lo siguiente:

> *[T]he defendants herein, aiding and abetting another, did willfully and knowingly cause, without lawful authority, production of identification documents, authentication features, and false identification documents, to wit, Commonwealth of Puerto Rico Concealed Carry Weapons*

cumplir noventa meses de prisión en una institución correccional federal ubicada en Pensacola, Florida y a tres años adicionales en libertad supervisada.[5] En esa misma fecha, la Secretaria del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico nos remitió una copia certificada de la Sentencia dictada por ese foro en el caso *United States of America v. Antonio M. Peluzzo-Perotín*, Caso Criminal Núm. 14-017-01 (FAB). En vista de lo anterior, el 6 de abril de 2015 le otorgamos al abogado un término de veinte días para que mostrara causa por la cual no debía ser suspendido de la profesión legal en nuestra jurisdicción, a tenor con la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*. Hasta el presente, el licenciado Peluzzo Perotín no ha comparecido ante nosotros.

## II

La facultad inherente de reglamentar el ejercicio de la profesión legal en Puerto Rico recae en este Tribunal. In re Segarra Aponte, 2016 TSPR 23, 194 DPR ___ (2016). Es por ello que tenemos la autoridad de disciplinar éticamente a cualquier miembro de la abogacía, sin que estemos circunscritos por lo dispuesto en estatuto alguno, siempre

---

*Permits, to be produced without lawful authority and the production of the identification documents, authentication features, and false identification documents was in or affected interstate or foreign commerce […]. Second Superseding Indictment*, pág. 53.

El resto de los cargos que pesaban en su contra fueron desestimados a petición de los representantes del Gobierno Federal.

**5**    *Véase, Judgment, United States of America v. Antonio M. Peluzzo-Perotín*, Caso Criminal Núm. 14-017-01 (FAB).

y cuando se le otorgue la oportunidad al letrado de ser escuchado en su defensa. Íd.

La Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, provee un procedimiento de separación sumaria de la profesión legal, en aquellos casos en que recaiga un dictamen de culpabilidad contra un abogado. S. Steidel Figueroa, Ética y Responsabilidad Disciplinaria del Abogado, San Juan, Publicaciones JTS, 2010, pág. 356. Específicamente, todo abogado convicto de cualquier delito relacionado directamente con la práctica legal o de cualquier delito que implique depravación moral, está sujeto a ser desaforado sumariamente.[6] Ese mecanismo hace innecesario el proceso disciplinario ordinario que fija la Regla 14 del Reglamento de este Tribunal. 4 LPRA Ap. XXI-B, R. 14 (Sup. 2015).

Las funciones inherentes al profesional del Derecho como oficial del Tribunal, provocan que un abogado convicto en esas circunstancias, esté impedido de descargar sus

---

[6]     La Sec. 9 de la Ley de 11 de marzo de 1909 dispone:

El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. **A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo**, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultad[o] para dejar sin efecto o modificar la orden de suspensión. (Énfasis en el original y énfasis nuestro). 4 LPRA sec. 735 (2010). Véase, además, In re Colón Ledée, 190 DPR 51 (2014).

deberes éticos-profesionales.  In re Zúñiga López, 177 DPR 385 (2009); In re Boscio Monllor, 116 DPR 692 (1985).  Es importante recalcar que los abogados están llamados a asistir al sistema judicial en la recta administración de la justicia y a servir de instrumentos de orden en nuestra sociedad.  In re Boscio Monllor, *supra*.

"[C]uando de una sentencia federal surge la admisión de unos hechos que implican depravación moral y falta de honradez, corresponde la separación inmediata de un miembro de la profesión legal".  In re Vázquez Torres I, 182 DPR 431, 433-434 (2011).  La depravación moral supone que se haya actuado contrario a la ética, la honradez, los más altos principios o la justicia.  In re Colón Ledée, 190 DPR 51 (2014); In re Vázquez Torres I, *supra*; In re Calderón Nieves, 157 DPR 299 (2002).

> En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias.  Morales Merced v. Tribunal Superior, 93 DPR 423, 430 (1966).  Véase, además, In re Colón Ledée, *supra*; In re Zúñiga López, *supra*; In re Boscio Monllor, *supra*.

De esta manera, hemos estimado que todo aquel delito que involucre fraude o engaño como elemento esencial, implica torpeza moral.  In re Calderón Nieves, *supra*.

### III

De los autos se desprende que el licenciado Peluzzo Perotín, luego de aceptar los hechos, fue condenado por la

comisión de un <u>delito grave vinculado directamente al ejercicio de la profesión legal</u>, entiéndase la abogacía y la notaría. Al mismo tiempo, ese delito <u>implica engaño, falta de honradez y falsedad</u>.

En virtud de lo anterior, a tenor con la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, y con la facultad inherente de este Tribunal de regular la práctica de la profesión legal en Puerto Rico, decretamos la suspensión inmediata e indefinida del Lcdo. Antonio M. Peluzzo Perotín del ejercicio de la abogacía y de la notaría. Ordenamos, además, la eliminación de su nombre del registro de abogados autorizados a postular en nuestra jurisdicción.[7]

El Sr. Antonio M. Peluzzo Perotín deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Peluzzo Perotín a todas las direcciones postales que obran en el Registro Único de Abogados.

Se dictará Sentencia de conformidad.

---

[7]     Del expediente surge que, luego de inspeccionada, la obra notarial del abogado permanece depositada en el Archivo Notarial de San Juan.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Antonio M. Peluzzo Perotín                          Conducta

                           TS-11,446         Profesional

SENTENCIA

En San Juan, Puerto Rico a 11 de abril de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Antonio M. Peluzzo Perotín del ejercicio de la abogacía y de la notaría. Ordenamos, además, la eliminación de su nombre del registro de abogados autorizados a postular en nuestra jurisdicción.

El Sr. Antonio M. Peluzzo Perotín deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Notifíquese la Opinión *Per Curiam* que antecede y esta Sentencia al señor Peluzzo Perotín a todas las direcciones postales que obran en el Registro Único de Abogados.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo