EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br>Luis Roberto Santos Báez | 2017 TSPR 191<br><br>198 DPR ____ |

Número del Caso: TS-17,710


Fecha:   1 de diciembre de 2017


Abogado del promovido:


        Por derecho propio




Materia:  Conducta Profesional – La suspensión será efectiva el 4 de diciembre de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re:* | **Núm.** TS-17,710 |
|---|---|
| Luis Roberto Santos Báez | |

*PER CURIAM*

San Juan, Puerto Rico, a 1 de diciembre de 2017.

En esta ocasión, nos corresponde ordenar la suspensión sumaria de un profesional del Derecho quien fue sentenciado por el foro federal por cometer varios delitos constitutivos de depravación moral al amparo de la sección 9 de la *Ley de 11 de marzo de 1909*, 4 LPRA sec. 735 (2010), y por violar el canon 9 del *Código de ética profesional,* 4 LPRA Ap. IX, C.9.

I

El Lcdo. Luis Roberto Santos Báez fue admitido a la profesión de la abogacía el 9 de febrero de 2010 y a la notaría el 1 de julio de 2010.

Surge del expediente que, el 9 de febrero de 2016, los agentes de la Oficina de Seguridad Interna del Servicio de Inmigración y Control de Aduanas (ICE-HSI) arrestaron al letrado tras habérsele imputado diez (10) cargos por falsificación de la firma de dos (2) jueces del Tribunal de Quiebras de Estados Unidos para el Distrito de Puerto Rico

(Tribunal de Quiebras), obstrucción a la justicia y fraude electrónico.[1]

Ante la seriedad de las acusaciones, el 19 de febrero de 2016, este Tribunal ordenó la incautación preventiva del sello y la obra notarial del licenciado de referencia. Posteriormente, el 17 de marzo de 2017, el licenciado firmó un *Acuerdo de culpabilidad* por dos (2) cargos por el delito de robo de identidad agravado.[2]

Así las cosas, el licenciado Santos Báez compareció el 7 de julio de 2017 ante este Tribunal solicitando el cambio de estatus a abogado inactivo en el Registro Único de Abogados y Abogadas (RUA). Pese a que el letrado ya había suscrito el *Acuerdo de culpabilidad*, éste únicamente informó en la solicitud que deseaba ser inactivado de la profesión legal por motivos éticos, pues enfrentaba un procesamiento penal ante el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico (Tribunal Federal).[3]

Contrario a lo que alegó en su solicitud, el expediente del abogado reflejó el carácter de los actos

---

[1] Véase *Indictment*, Criminal No. 16-CR-00062 (JAG).

[2] El delito de robo de identidad agravado penaliza la siguiente conducta: "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C.A. sec. 1028 (a) (1).

[3] El 12 de julio de 2017, el licenciado Santos Báez presentó una segunda solicitud de cambio de estatus de abogado inactivo en el RUA, pero en esta ocasión mediante el formulario de la Oficina de Administración de Tribunales. Sin embargo, en éste especificó que el cambio de estatus se debía a que no practicaba la abogacía.

delictivos que fundamentaron la acción penal. Al ponderar la naturaleza de los cargos imputados al licenciado Santos Báez, el 17 de agosto de 2017, decretamos su suspensión provisional. Además, se le ordenó que informara a este Tribunal acerca del estado del procesamiento criminal que pendía en su contra en el caso *U.S. vs. Santos Báez*, Criminal No. 16-CR-00062 (JAG). Asimismo, se le apercibió que, de ser hallado culpable, procedería su suspensión sumaria e indefinida de la profesión legal.

Sin embargo, no fue hasta el 13 de septiembre de 2017 que este Tribunal advino en conocimiento sobre el *Acuerdo de culpabilidad* suscrito el 17 de marzo de 2017 por el licenciado Santos Báez. A raíz de tal *Acuerdo*, el Tribunal Federal emitió, el 1 de septiembre de 2017, una *Sentencia* y *Orden de encarcelamiento*. Finalmente, mencionamos que al momento de emitir la presente Opinión, el licenciado Santos Báez no ha comparecido ante este Tribunal para cumplir con lo previamente ordenado.

**II**

En virtud del poder inherente para reglamentar la profesión legal, este Tribunal posee la autoridad para disciplinar éticamente a cualquier miembro de la abogacía. *In re Peluzzo*, 195 DPR 323 (2016); *In re Segarra Aponte*, 194 DPR 653 (2016). De conformidad con tal poder, podemos "desaforar o suspender a los miembros de la profesión que no estén aptos para desempeñar tan delicado ministerio". *In*

*re Colón Ledée*, 190 DPR 51, 54 (2014); *In re García Suárez*, 189 DPR 995, 998 (2013).

A esos efectos, la *Ley de 11 de marzo de 1909*, *supra*, reconoce que este Tribunal tiene la facultad para suspender a un letrado sumariamente cuando éste es hallado culpable por la comisión de algún delito relacionado con la profesión legal o que implique depravación moral. Específicamente, la sección 9 de la referida *Ley* dispone que:

> El abogado que fuere culpable de engaño, conducta inmoral (mal practice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de la profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. *Ley de 11 de marzo de 1909*, sec. 9, 4 LPRA sec. 735 (2010).

El mecanismo del desaforo sumario por cometer un delito directamente relacionado con la práctica legal o por depravación moral hace innecesario el procedimiento disciplinario ordinario pautado en la Regla 14 del Reglamento de este Tribunal. 4 LPRA AP. XXI-B, R. 14 (Sup. 2015); *In re Peluzzo*, 195 DPR 323 (2016). Sin embargo, cabe destacar que la suspensión sumaria procede una vez haya advenido final y firme la sentencia, pues así se brinda al abogado la oportunidad de mostrar causa por la cual no debe ser desaforado. *In re Dubón Otero*, 153 DPR 829 (2001).

Previamente, este Tribunal determinó que, cuando surja de una sentencia federal "la admisión de unos hechos que implican depravación moral y falta de honradez, corresponde la separación inmediata de un miembro de la profesión legal". *In re Peluzzo*, 195 DPR, en la pág. 328. Esto se debe a que la depravación moral es aquella actuación contraria a "la ética, la honradez, los más altos principios o la justicia". *In re Peluzzo,* 195 DPR, en la pág. 328; *In re Colón Ledée*, 190 DPR 51 (2014); *In re Colón Muñoz*, 149 DPR 627, 629 (1999). De igual forma, este Tribunal ha puntualizado que la torpeza moral se manifiesta en "todo aquel delito que involucre fraude o engaño como elemento esencial". *In re Peluzzo*, en la pág. 328; *In re Calderón Nieves*, 157 DPR 299, 303 (2002).

Por otra parte, el canon 9 del *Código de ética profesional* dispone que todo abogado deberá "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C.9. Es por esto que, quien ejerce la profesión de la abogacía tiene el deber de cumplir diligentemente con las órdenes emitidas por el tribunal. *In re Ducoudray Acevedo*, 2017 TSPR 11, 197 DPR ____ (2017), en la pág. 6; *In re Maldonado Nieves*, 192 DPR 973, 981 (2015); *In re Nieves Nieves*, 181 DPR 25, 34 (2011). Así pues, la desatención de los requerimientos de este Tribunal conlleva la separación inmediata e indefinida del ejercicio de la abogacía, toda vez que ello atenta contra la profesión misma y nuestra facultad reguladora. *In*

*re Ducoudray Acevedo*, 2017 TSPR 11, 197 DPR ____ (2017), en la pág. 7.

## III

El licenciado Santos Báez fue sentenciado por el Tribunal Federal tras declararse culpable por la comisión de dos (2) cargos por el delito de robo de identidad agravado. Según los hechos estipulados anejados al *Acuerdo de culpabilidad,* éste produjo ilegalmente documentos judiciales y falsificó la firma de dos (2) jueces del Tribunal de Quiebras; actos que claramente evidencian deshonra y depravación moral, pues están inmersos en el fraude y el engaño.

Por otra parte, el licenciado Santos Báez incumplió con la orden de mantenernos informados sobre el estado del procesamiento criminal en su contra. Tal omisión refleja un claro menosprecio a los requerimientos de este Tribunal. Además, al momento en que compareció el letrado solicitando su cambio de estatus a abogado inactivo en el RUA, éste ya había suscrito un acuerdo de culpabilidad. Dicha actuación indujo a error a este Tribunal desvelando, una vez más, su deshonestidad y falta de aptitud para ejercer la profesión legal.

En vista de lo antes mencionado, desaforamos inmediata e indefinidamente al licenciado Santos Báez de la abogacía al amparo de la sección 9 de la *Ley de 11 de marzo de 1909, supra*. Ordenamos, a su vez, la eliminación de su nombre del registro de abogados autorizados a postular en nuestra

jurisdicción y la cancelación automática de la fianza notarial.[4]

Asimismo, se ordena al licenciado de referencia devolver los expedientes y honorarios por los trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Finalmente, deberá acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

---

[4] La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Santos Báez durante el periodo en que ésta estuvo vigente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Luis Roberto Santos Báez

**Núm.** TS-17,710

SENTENCIA

San Juan, Puerto Rico, a 1 de diciembre de 2017

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del Lcdo. Luis Roberto Santos Báez. En virtud de lo anterior, su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Santos Báez durante el periodo en que ésta estuvo vigente.

En caso de que éste se encuentre representando clientes ante nuestros tribunales, se le impone el deber de notificar a estos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de su respectiva suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo