EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Pedro A. Quiñones Velez | 2018 TSPR 50 <br><br> 200 DPR \_\_\_\_ |

Número del Caso: TS-3,139


Fecha: 3 de abril de 2018


Abogado de la parte promovida:

      Por derecho propio


Programa de Educación Jurídica Continua:

      Lcdo. José I. Campos Pérez
      Director


Materia: Conducta Profesional – La suspensión del abogado será efectiva el 5 de abril de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Pedro A. Quiñones Vélez | **Núm.** <u>TS-3,139</u> |

*PER CURIAM*

San Juan, Puerto Rico, a 3 de abril de 2018.

En esta ocasión nos vemos obligados a suspender de la profesión legal a un profesional del Derecho que violó el canon 9 del *Código de ética profesional* al obviar las órdenes de este Tribunal.

**I**

El Lcdo. Pedro A. Quiñones Vélez fue admitido a la profesión de la abogacía el 3 de junio de 1968 y de la notaría el 10 de julio de 1968.[1]

Según surge del expediente, el 10 de enero de 2010, la entonces Directora del PEJC, la Lcda. Yanis Blanco Santiago, envió un *Aviso de incumplimiento* al licenciado Quiñones Vélez. En éste, se le indicó que de los registros del PEJC no se evidenció que hubiese cumplido con el total de créditos requeridos para el periodo del 1 de diciembre de 2007 al 30 de noviembre de 2009 (2007-2009) o que estuviese cobijado por alguna causal de exoneración o relevo de cumplimiento. De esta forma, se le informó que debía pagar una cuota de

---

[1] El licenciado Quiñones Vélez renunció voluntariamente al ejercicio de la notaría en el 2011. *Véase* Resolución del Tribunal Supremo del 8 de agosto de 2011.

$50.00 por cumplimiento tardío y que de tener alguna objeción o defensa tendría un término de sesenta (60) días para informarlo. Asimismo, se le advirtió que de no tomar los cursos y pagar la multa por cumplimiento tardío sería citado a una vista informal según lo dispuesto en la Regla 31 del Reglamento del Programa de Educación Jurídica Continua de 2005.

Pasado más de dos (2) años sin que el licenciado Quiñones Vélez cumpliera con lo ordenado por el PEJC, se le envió a éste una citación para la vista informal pautada para el 12 de junio de 2012. Sin embargo, el licenciado de referencia no compareció a dicha vista. Así las cosas, el 30 de julio de 2014 se notificó al licenciado Quiñones Vélez el *Informe del Oficial Examinador* y la *Determinación de la Directora Ejecutiva* del PEJC sobre su incomparecencia. Además, se le advirtió que de no subsanar la insuficiencia de créditos y la deuda de la multa en un término de treinta (30) días se referiría el asunto a la Junta para que ésta, a su vez, determinara si procedía presentar un informe detallando acerca de su reiterado incumplimiento con las directrices del PEJC ante el Tribunal Supremo.

Finalmente, la Junta concluyó que el asunto debía ser presentado al Pleno de este Tribunal. A esos efectos, el Lcdo. José Ignacio Campos Pérez, Director del PEJC, compareció el 15 de febrero de 2017 mediante un *Informe sobre incumplimiento con requisito de educación jurídica continua (Informe).* En esencia, dicho *Informe* pormenoriza los hechos

antes reseñados y señala, además, que el licenciado Quiñones Vélez tampoco cumplió con los requisitos de educación jurídica para los periodos del 1 de diciembre de 2009 al 30 de noviembre de 2011 (2009-2011), el 1 de diciembre de 2011 al 30 de noviembre de 2013 (2011-2013) y del 1 de diciembre de 2013 al 30 de noviembre de 2016 (2013-2016).

Luego de ponderar el *Informe*, este Tribunal emitió el 28 de marzo de 2017 una *Resolución* en la que concedió al licenciado Quiñones Vélez un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y no comparecer ante el PEJC. A pesar de que el licenciado Quiñones Vélez incumplió con lo ordenado, este Tribunal emitió una segunda *Resolución* el 20 de julio de 2017 en la que se le confirió un término final de diez (10) días para que se expresara. Esta última *Resolución* se notificó personalmente al licenciado Quiñones Vélez el 1 de agosto de 2017. No obstante, al presente, éste no ha comparecido.

## II

El Canon 2 del *Código de ética profesional* exige a todo miembro de la abogacía a "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional . . .". 4 LPRA Ap. IX, C. 2. A esos efectos, este Tribunal creó el PEJC, programa facultado para velar y hacer cumplir tan importante precepto.

Asimismo, hemos reconocido que ante la vital importancia de la educación jurídica para la profesión legal, la dejadez o el incumplimiento con algún requerimiento del PEJC conlleva la suspensión "de forma inmediata del ejercicio de la abogacía y la notaría". *In re: José Raúl Méndez Marrero*, 192 DPR 923 (2015); *In re: José Francisco Cardona Veguet*, 192 DPR 532 (2015). No obstante, mediante la resolución *In re: Periodo de exoneración para el pago de multas por cumplimiento tardío establecidas al amparo del Reglamento del Programa de Educación Jurídica Continua*, 2017 TSPR 114, 198 DPR ___ (2017)(*In re: Periodo de exoneración*), concedimos a los abogados que adeudan el pago de las multas por cumplimiento tardío un periodo de gracia de un año a partir del 1 de julio de 2017. De esta forma, estos podrán completar los créditos de educación jurídica adeudados sin tener que pagar la referida penalidad. Ahora bien, recuérdese que dicha exención no "constituye una abdicación de nuestro poder para exigir a la clase togada el cumplimiento durante este año con los créditos del PEJC". *In re: Davis Pérez*, 2017 TSPR 180, 199 DPR ____, en la pág. 5 (2017).

Por otra parte, el canon 9 del *Código de ética profesional* exige a todo abogado a "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C.9. En virtud de este principio ético, cada miembro de la abogacía debe atender y cumplir con diligencia las órdenes emitidas por el Tribunal. *In re*

*Santos Báez*, 2017 TSPR 191, 199 DPR \_\_\_\_ (2017); *In re Ducoudray Acevedo*, 2017 TSPR 11, 197 DPR \_\_\_\_ (2017), en la pág. 6; *In re Maldonado Nieves*, 192 DPR 973, 981 (2015). Por el contrario, quien opta por ignorar las órdenes y demuestra indiferencia hacia los apercibimientos disciplinarios, viola el canon 9 lo cual amerita decretar su suspensión inmediata e indefinida de la profesión legal. *In re Gerán González Acevedo*, 2017 TSPR 25, 197 DPR \_\_\_\_ (2017); *In re Colón Collazo*, 196 DPR 239; *In re Colón Cordovés*, 195 DPR 543 (2016).

## III

Hace más de ocho (8) años que el PEJC inició el procedimiento para que el licenciado Quiñones Vélez subsanara los créditos de educación jurídica continua adeudados para el periodo 2007-2009 y pagara la correspondiente multa por cumplimiento tardío. Además de no subsanar las deficiencias notificadas para dicho periodo, éste incumplió con los créditos de educación jurídica continua de los subsiguientes tres (3) periodos. Sin embargo, en virtud de la resolución *In re: Periodo de exoneración* el abogado de referencia tiene hasta el 30 de junio de 2018 para cumplir con todos los señalamientos del PEJC sin penalidad monetaria.

Además de ser un imperativo que el licenciado Quiñones Vélez cumpla con los requisitos del PEJC, éste ha mostrado indiferencia en lo concerniente a las órdenes de este Tribunal al no comparecer cuando así le fue requerido. En

fin, las omisiones del licenciado Quiñones Vélez evidencian claramente su reiterado incumplimiento con las órdenes de este Tribunal; conducta proscrita por el canon 9 del *Código de ética profesional.* Consecuentemente, corresponde decretar la suspensión inmediata e indefinida del abogado de referencia.

**IV**

Según lo antes discutido, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del licenciado Quiñones Vélez. Se le impone el deber de notificar a sus clientes sobre su inhabilidad de continuar representándolos, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el cual tenga casos pendientes. De igual forma, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese vía correo electrónico y correo certificado esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Pedro A. Quiñones Vélez                    TS-3,139

SENTENCIA

San Juan, Puerto Rico, a 3 de abril de 2018

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del licenciado Quiñones Vélez. Se le impone el deber de notificar a sus clientes sobre su inhabilidad de continuar representándolos, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el cual tenga casos pendientes. De igual forma, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese vía correo electrónico y correo certificado esta Opinión *Per Curiam* y Sentencia.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo