EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Juan E. Cátala Suárez | 2023 TSPR 125<br><br>213 DPR \_\_\_ |

Número del Caso: TS-17,953


Fecha: 6 de octubre de 2023


Abogado de Juan E. Cátala Suarez


    Por derecho propio



Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por resultar convicto en el foro estatal por ciertos delitos en conexión con el ejercicio de la profesión.



Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Juan E. Catalá Suárez    TS-17,953    Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de octubre de 2023.

> "[L]a misión de los abogados en la sociedad es altamente noble, pues están llamados a auxiliar a la recta administración de justicia. En ellos confían no sólo las partes interesadas en los pleitos, sino las cortes mismas".[1]

En esta ocasión ejercemos nuestra facultad disciplinaria y ordenamos la suspensión inmediata e indefinida del Lcdo. Juan E. Catalá Suárez (licenciado Catalá Suárez o abogado) de la profesión legal por resultar convicto en el foro estatal por ciertos delitos en conexión con el ejercicio de la abogacía.

---

[1] In re Ortiz Gilot, 117 DPR 167, 168 (1986). Véanse, además: In re Siverio Orta, 117 DPR 14, 19 (1986); In re Boscio Monllor, 116 DPR 692, 698 (1985).

Con su conducta, el abogado se apartó de los principios de honradez y moral que deben distinguir a quienes pertenecemos a esta noble profesión. Dicha conducta denota un carácter moralmente corrompido que le incapacita para continuar ejerciendo la profesión jurídica en nuestra jurisdicción.

I

El licenciado Catalá Suárez fue admitido a la profesión legal el 17 de agosto de 2010. El 21 de septiembre de 2023 la Secretaría de este Tribunal nos remitió copia de la *Sentencia de cárcel suspendida y libertad a prueba* dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas, en <u>Pueblo de Puerto Rico v. Juan Enrique [Catalá] Suárez</u>, Casos Criminales: E OP2023G0015, E EG2023G0001 y E FJ2023G0005. Según surge del mencionado dictamen, el 20 de septiembre de 2023 el foro de instancia sentenció al abogado por cargos de conspiración (Art. 244 del Código Penal, 33 LPRA sec. 5334), tentativa de amenaza o intimidación de testigo (Art. 283 del Código Penal, 33 LPRA sec. 5376) y persuasión de incomparecencia de testigo (Art. 281 del Código Penal, 33 LPRA sec. 5374). Específicamente, surge del expediente criminal que el licenciado Catalá Suárez intervino con una testigo para que cambiara una declaración jurada que ésta había prestado en un caso de asesinato y, a su vez, para que no compareciera en el proceso penal a ventilarse.

Por tales hechos, el tribunal de instancia condenó al abogado a la pena de tres (3) años de cárcel en el caso E OP2023G0015 (Art. 244 del Código Penal, *supra*), tres (3) años de cárcel en el caso E FJ2023G0005 (Art. 281 del Código Penal, *supra*) y cuatro (4) años de cárcel en el caso E EG2023G0001 (Art. 283 del Código Penal, *supra*). Se dispuso que las penas serían cumplidas de forma concurrente y, además, se impuso el pago de $300 de la pena especial por cada caso. Asimismo, se ordenó la suspensión de la sentencia a tenor con lo dispuesto en las leyes aplicables, sujeto a varias condiciones establecidas en la sentencia.

Luego de tomar conocimiento del fallo condenatorio por medio de la Secretaría de este Tribunal, el 26 de septiembre de 2023 emitimos una *Resolución* mediante la cual le concedimos al licenciado Catalá Suárez un término de diez (10) días, contado a partir de la notificación de la *Resolución*, para que mostrara causa por la cual no debía ser suspendido de la abogacía en nuestra jurisdicción, conforme a lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735.

El 5 de octubre de 2023, el abogado compareció ante este Tribunal mediante una *Moción en cumplimiento de Resolución y/[u] Orden*. En su escrito aseguró entender que no era prudente ni propio practicar el ejercicio de la abogacía durante el cumplimiento de su sentencia.

II

En múltiples ocasiones hemos manifestado que este Foro tiene el poder inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. *In re* Reyes Martínez, 207 DPR 536, 539 (2021); *In re* Santiago Maldonado, 206 DPR 1029, 1039 (2021); *In re* Villalona Viera, 206 DPR 360, 369 (2021). Así, este Foro puede desaforar o suspender por un término específico a los integrantes de la profesión legal que no sean aptos para ejercer tal ministerio. *In re* Santamaría Torres, 208 DPR 383, 385-386 (2021); *In re* Ortiz Abrams, 194 DPR 492, 495 (2016).

La Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, provee un procedimiento de separación sumaria de la profesión legal en aquellos casos en los que recaiga un dictamen de culpabilidad en contra de un abogado. *In re* Peluzzo Perotín, 195 DPR 323, 327 (2016), citando a S. Steidel Figueroa, *Ética y responsabilidad disciplinaria del abogado*, San Juan, Pubs. JTS, 2010, pág. 356. En lo pertinente, la mencionada disposición expone lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), **delito grave (*felony*)** o delito menos grave (*misdemeanor*), **en conexión con el ejercicio de su profesión** o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. **La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión** o que implique depravación moral, **cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su**

**profesión**. (Énfasis en el original y negrilla nuestra).

Así pues, dicho mecanismo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, hace innecesario el proceso disciplinario ordinario fijado en la Regla 14 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. *In re* Peluzzo Perotín, *supra*, págs. 327-328.

Sabido es que las funciones inherentes al profesional del Derecho como oficial del Tribunal provocan que un abogado convicto según lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, no pueda descargar sus deberes éticos profesionales. *In re* Peluzzo Perotín, *supra*, pág. 328; *In re* Zúñiga López, 177 DPR 385, 389 (2009).

Cuando un abogado se declara culpable de un delito en conexión con el ejercicio de la profesión legal y de hechos que implican depravación moral y falta de honradez, corresponde su separación de la profesión. *In re* Castro Ward, 202 DPR 168, 170 (2019); *In re* Vázquez Torres II, 182 DPR 853, 855 (2011).

### III

Luego de evaluar el expediente del licenciado Catalá Suárez, queda claro que éste fue declarado convicto por los delitos de conspiración (Art. 244 del Código Penal, *supra*), tentativa de amenaza o intimidación de testigo (Art. 283 del Código Penal, *supra*) y persuasión de incomparecencia de testigo (Art. 281 del Código Penal, *supra*) y así fue

sentenciado el 20 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Caguas.

En vista de que el abogado cometió delitos graves en conexión con el ejercicio de su profesión, es evidente que está incapacitado para practicar la profesión legal y ello constituye motivo suficiente para suspenderlo de la abogacía en Puerto Rico. Por consiguiente, en conformidad con lo establecido por la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, y con nuestra facultad para reglamentar la profesión legal, se decreta la suspensión inmediata e indefinida del licenciado Catalá Suárez del ejercicio de la abogacía.

IV

Por las razones antes expuestas, ordenamos la suspensión inmediata e indefinida del Lcdo. Juan E. Catalá Suárez del ejercicio de la abogacía.

En consecuencia, el señor Catalá Suárez deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir

de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Juan E. Catalá Suárez                    TS-17,953            Conducta
                                                              Profesional

SENTENCIA

En San Juan, Puerto Rico a 6 de octubre de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata e indefinida del Lcdo. Juan E. Catalá Suárez del ejercicio de la abogacía.

El señor Catalá Suárez deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* y esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                        Javier O. Sepúlveda Rodríguez
                                        Secretario del Tribunal Supremo