EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 142 |
| | 182 DPR ___ |
| Yesenia Vázquez Torres | |

Número del Caso: TS-16169

Fecha: 15 de septiembre de 2011

Abogado de la Querellada:

Lcdo. Guillermo Figueroa Prieto

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Yesenia Vázquez Torres                    TS-16,169




PER CURIAM

En San Juan Puerto Rico a 15 de septiembre de 2011.


El 30 de junio de 2011, emitimos una Opinión *Per Curiam* mediante la cual suspendimos inmediata e indefinidamente de la profesión a la Sra. Yesenia Vázquez Torres, conforme a lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735. Véase: In re Yesenia Vázquez Torres, 2011 T.S.P.R. 106. A raíz de esto, comparece ante nos la representación legal de la referida abogada y solicita que reconsideremos nuestra posición y la readmitamos al ejercicio de la abogacía. Por los fundamentos que se exponen a continuación, reducimos su suspensión a un plazo de seis (6) meses.

## I.

El 27 de mayo de 2009, la abogada de epígrafe fue acusada por un Gran Jurado, junto al Sr. José D. Figueroa Agosto T/C/C "Junior Cápsula", de los cargos de "False Statement in Application for a Passport and Aiding and Abetting", 18 U.S.C. sec. 1542 and 2, y "Furnishing a Passport which was Secured by Reason of a False Statement", 18 U.S.C. sec. 1542. Luego de llegar a un preacuerdo con el Departamento de Justicia de los Estados Unidos, la señora Vázquez Torres se declaró culpable de perjurio en el caso United States v. Yesenia Vázquez Torres, 10-CR-143 (JAF), el 26 abril de 2010.

De los hechos estipulados en ese preacuerdo surge que en o alrededor de la fecha del 17 de diciembre de 1999, ésta acompañó al señor Figueroa Agosto a la Oficina de Pasaportes del Departamento de Estado de Puerto Rico. Allí, Figueroa Agosto solicitó un pasaporte bajo el nombre ficticio de "Ángel F. Rosa Rivera". Por su parte, la señora Vázquez Torres solicitó un pasaporte a su nombre. En dichas solicitudes de pasaportes, ambos ofrecieron la misma dirección residencial -la de Vázquez Torres- a sabiendas de que Figueroa Agosto no residía allí. En específico, la licenciada Vázquez Torres se declaró culpable de "Official certificates or writings", según dispuesto en el capítulo 47 del título 18 del United States Code, 18 U.S.C. sec. 1018 and 2(b). Dicho delito preceptúa:

> Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing,

knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year, or both. Íd.

Como consecuencia de estos hechos, y tras habérsele provisto un término de diez (10) días para mostrar causa, mediante una Resolución del 13 de mayo de 2011, la suspendimos del ejercicio de la abogacía. En nuestra Opinión del 30 de junio de 2011, expresamos que cuando un abogado se declara culpable de unos hechos que implican depravación moral y falta de honradez, corresponde la separación de la profesión. In re Andújar Figueroa, 156 D.P.R. 873 (2002); In re Rivera Medina, 127 D.P.R. 600 (1990).

II.

A.

Inconforme, La representación legal de Vázquez Torres compareció ante nos y solicitó la reconsideración de nuestra Opinión y la reinstalación de la abogada en la profesión. En síntesis, hizo dos planteamientos principales. En su argumento principal, la representación legal de Vázquez Torres alega que un desaforo causado por la convicción de un delito conforme a la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, sólo se puede realizar contra abogados que cometen delitos *durante* el ejercicio de la profesión. Cuando un abogado comete una conducta antes de ejercer la profesión, según aduce, este Tribunal tiene el poder de investigarla y tomar medidas antes de admitirle en la profesión. Además, sostiene que para poder desaforar al abogado bajo la referida

disposición estatutaria, es necesario un juicio disciplinario que incluya todas las garantías del debido proceso, pues está en juego el derecho a ganarse el sustento y la vida. En apoyo de esa contención cita los casos de In re Ruffalo, 390 U.S. 544 (1968); In re Pérez Riveiro, res. el 30 de noviembre de 2010, 2010 T.S.P.R. 230.

De igual forma, sostiene que, a la luz de In re Belén Trujillo, 128 D.P.R. 949 (1991), cuando el Tribunal pretende disciplinar a un abogado por conducta ocurrida antes de ser admitido en el ejercicio de la abogacía es necesario llevar a cabo un proceso con todas las garantías correspondientes. Por ello, alega que el plazo de diez (10) días que le concedimos para mostrar causa por la cual no debía ser suspendida de la profesión mediante nuestra Resolución del 13 de mayo de 2011, no satisfizo los imperativos del debido proceso de ley que requieren los procesos disciplinarios.

Así las cosas, debemos recalcar que el uso y costumbre de este Tribunal al atender procedimientos bajo la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, es proveer un término mínimo para que el abogado convicto se exprese. Esto, pues contrario a un proceso disciplinario formal, no se requiere un procedimiento evidenciario para examinar una violación ética.

El hecho que activa la función disciplinaria en el caso de autos es cierto y constatable: una convicción por delito. Como claramente señala la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, ese hecho es la convicción, no la comisión del delito. De ahí que el texto aplicable dispone que "el

abogado… que fuere **culpable** de cualquier delito que implicare depravación moral, podrá ser suspendido". 4 L.P.R.A. sec. 735. (énfasis suplido). El abogado ya tuvo la oportunidad de un debido proceso frente a la acusación de la comisión del delito.

Tal y como expresamos en In re Pérez Riveiro, *supra*, citando a In re Ruffalo, *supra*, los procedimientos disciplinarios son de naturaleza cuasi-penal, pues se sanciona a un abogado por determinada conducta en aras de proteger al público general. Como correctamente señala la peticionaria, en dichos procesos está en juego el derecho de un abogado a ganarse el sustento. Por ello, en estos casos, los abogados son acreedores de las garantías del debido proceso de ley, el cual se satisface siempre que se le provea al abogado querellado la oportunidad de responder y defenderse de los cargos imputados y notificados, así como de ofrecer las teorías en las que se basen. In re Pérez Riveiro, *supra*; Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 654-655 (1985).

Además, las exigencias mínimas del debido proceso de ley incluyen el ser notificado adecuadamente de los cargos en su contra, la oportunidad de ser oído, el derecho a contrainterrogar y a examinar la prueba documental y material presentada por la otra parte. In re Ríos Ríos, 175 D.P.R. 57 (2008); Salvá Santiago v. Torres Padró, 171 D.P.R. 332, 343 (2007).

De otra parte, en In re Belén Trujillo, *supra*, resolvimos que el Tribunal tiene el poder inherente para

investigar y determinar si cierta conducta ejercida por una persona antes de convertirse en abogado puede ser considerada para removerlo del ejercicio de la profesión.

No obstante, vemos que, en casos como el de autos, no hay nada que investigar, pues es la convicción en el foro estatal o federal la que activa el proceso disciplinario. Es por ello que las exigencias de debido proceso aquí mencionadas, corresponden a la etapa en la cual el Tribunal recibe la prueba contra el abogado y, por lo tanto, resultan inaplicables a los hechos del presente caso. De esta forma, no habiendo controversia sobre el hecho de que la abogada Vázquez Torres es la persona implicada en la sentencia condenatoria, entendemos que el término de diez (10) días provisto para que dicha abogada ofreciera razones por las cuales no debía ser suspendida le brindó suficiente tiempo para controvertir cualquier asunto referente a su convicción.

### B.

Por otro lado, también adujo que los hechos que dieron paso a la declaración de culpabilidad ocurrieron en 1999, cuando la hoy abogada todavía ni siquiera era estudiante de derecho. La representación legal de la señora Vázquez Torres añade que ella simplemente cometió un error de juventud al permitirle a un cliente de su patrono utilizar su dirección residencial para solicitar un pasaporte. En ese momento, según alega, desconocía que Figueroa Agosto era un prófugo. Por ello, adujo que se sorprendió cuando fue acusada en el año 2009.

Si bien es cierto que los hechos por los cuales se declaró culpable la abogada de epígrafe ocurrieron antes de ésta haber estudiado derecho, discrepamos de su apreciación al describirlo como un error de juventud. Los hechos estipulados como parte de la alegación preacordada de culpabilidad difieren marcadamente de las alegaciones traídas ahora por la abogada. La señora Vázquez Torres no prestó meramente su dirección para que el señor Figueroa Agosto recibiera en su casa el pasaporte fraudulento que iba a solicitar. Conforme a la estipulación suscrita por la señora Vázquez Torres, ésta lo acompañó a sabiendas de que él iba a mentir en el documento. Además, ella llenó una solicitud de pasaporte propia, por lo que tenía que conocer el tipo de aseveraciones falsas que contenía la solicitud de Figueroa Agosto. Posteriormente, ella recibió el pasaporte y se lo entregó al señor Figueroa Agosto.

A pesar de que no podemos tomar livianamente el comportamiento de la señora Vázquez Torres, somos conscientes de que en el presente caso existen una serie de atenuantes que deben pesar sobre nuestra función disciplinaria. Entre estos está el tiempo transcurrido entre la conducta y la eventual aceptación de culpabilidad, el hecho de que la abogada  cumplimentó verazmente su solicitud de admisión al ejercicio de la abogacía y de que se ha desempeñado por más de dos años en la práctica sin señalamientos éticos. Por último, entendemos que esta conducta representa un hecho aislado y que no se han visto afectados clientes de la señora Vázquez Torres en su práctica legal.

III.

A la luz de los fundamentos antes expuestos, hemos reconsiderado nuestra posición sobre la indefinición de la suspensión de la abogada Vázquez Torres. En vista de los atenuantes antes expresados, acordamos que la suspensión sea por un término de seis (6) meses. En particular, tomamos en consideración el tiempo transcurrido entre la conducta y la eventual aceptación de culpabilidad, el hecho de que la abogada cumplimentó verazmente su solicitud de admisión al ejercicio de la abogacía y de que se ha desempeñado por más de dos años en la práctica sin señalamientos éticos. Asimismo, entendemos que esta conducta representa un hecho aislado y que no se han visto afectados clientes de la señora Vázquez Torres en su práctica legal.

De otra parte, nos reafirmamos en los señalamientos que hiciéramos en In re Belén Trujillo, *supra*, con relación a nuestro poder inherente para investigar y resolver si determinada conducta de una persona antes de ser abogado puede ser considerada para removerlo como tal cuando advenimos en conocimiento de ello una vez es abogado, ya sea mediante el mecanismo de nombrar un Comisionado para que investigue y haga recomendaciones sobre el particular; referir el asunto a la Comisión de Reputación; así como utilizar cualquier otro mecanismo que cuente con las garantías procesales correspondientes. En casos como el de autos, cuando ha quedado demostrada la convicción de delito,

procede el ejercicio inmediato de nuestra función disciplinaria con las consecuencias que hemos expresado.

Se le apercibe a la señora Vázquez Torres que en el futuro deberá cumplir estrictamente con los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX y el ordenamiento que rige el ejercicio de la profesión legal en Puerto Rico.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Yesenia Vázquez Torres                    TS-16,169

SENTENCIA

En San Juan Puerto Rico a 15 de septiembre de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, hemos reconsiderado nuestra posición sobre la indefinición de la suspensión de la señora Vázquez Torres. En vista de los atenuantes expresados en la referida Opinión, acordamos que la suspensión del ejercicio de la abogacía de la señora Vázquez Torres sea por un término de seis (6) meses.

Se le apercibe a la señora Vázquez Torres de que en el futuro deberá cumplir estrictamente con los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX y el ordenamiento que rige el ejercicio de la profesión jurídica en Puerto Rico.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Feliberti Cintrón reconsideraría, reinstalando a la Lcda. Yesenia Vázquez Torres al ejercicio de la abogacía inmediatamente. La Jueza Asociada señora Pabón Charneco no intervino.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo