EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2016 TSPR 6 |
| | 194 DPR ____ |
| Carlos A. Ortíz Abrams | |

Número del Caso: TS-11,714


Fecha: 12 de enero de 2016


Abogado del Querellado:

      Por derecho propio


Oficina de la Procuradora General:

      Lcda. Karla Pacheco Álvarez
      Suprocuradora General

      Lcda. Gisela Rivera Matos
      Procuradora General Auxiliar

      Lcda. Yaizamarie Lugo Fontánez
      Procuradora General Auxiliar


Materia: La suspensión será efectiva el 15 de enero de 2016 fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Ortiz Abrams                    TS-11,714

PER CURIAM

San Juan, Puerto Rico, a 12 de enero de 2016.

**I**

El Lcdo. Carlos A. Ortiz Abrams (licenciado Ortiz Abrams) fue admitido al ejercicio de la abogacía el 4 de septiembre de 1996 y a la práctica de la notaría el 22 de septiembre de 1997.[1] En esencia, el asunto ante nuestra consideración se remonta al 13 de noviembre de 2014, cuando el licenciado Ortiz Abrams se declaró culpable de cuatro cargos por infringir el delito menos grave tipificado en el Art. 22 de

_____

[1] El 4 de abril de 2014, este Tribunal emitió una Resolución mediante la cual se ordenó la incautación de obra y el sello notarial del licenciado Ortiz Abrams, por solicitud de la Oficina de Inspección de Notarías (ODIN).

la Ley Núm. 8 de 5 de agosto de 1987 (Ley Núm. 8), conocida como *Ley para la Protección de la Propiedad Vehicular*, 9 LPRA sec. 3221,[2] relacionado a su intervención como notario al autenticar ciertas transacciones de traspasos ilegales de vehículos de motor.[3] Tras determinar que la alegación fue voluntaria, con conocimiento de la naturaleza del delito y sus consecuencias, el Tribunal de Primera Instancia lo declaró culpable de los aludidos cargos y, por consiguiente, le ordenó el pago de multas y penas especiales para cada uno de éstos. *Véanse* Sentencias emitidas en el caso criminal <u>Pueblo de Puerto Rico v. Carlos A. Ortiz Abrams</u>, KBD2014G0433, KST2014G0019, 0020 y 0021.

Recibidas las copias certificadas de la Sentencias penales dictadas, el 5 de diciembre de 2014, emitimos una Resolución mediante la cual le concedimos al licenciado Ortiz Abrams un término de 5 días para que mostrara causa por la cual no debíamos suspenderlo

---

[2]El Art. 22 de la Ley Núm. 8 dispone que:

> Toda persona que por disposición de este capítulo viniese obligada a informar determinados hechos al Secretario de Transportación y Obras Públicas o a la Policía de Puerto Rico y no lo hiciere o suministrase informes falsos a sabiendas o teniendo razones para creer que son falsos la suministre como verdadera, incurrirá en delito menos grave. *Véase* 9 LPRA sec. 3221.

[3]*Véase* Moción Solicitando Auxilio del Tribunal para Incautación de Obra Notarial, presentada por la ODIN.

provisionalmente de la abogacía. Tras la concesión de una prórroga, el 28 de enero de 2015, el licenciado Ortiz Abrams compareció mediante un escrito intitulado *Escrito para Cumplimiento de Resolución*. En síntesis, expresó que hasta el 2014 no tenía récord de antecedentes penales y describió varias situaciones familiares y personales por las que estaba atravesando. Entre otras cosas, manifestó que: (1) no tenía historial disciplinario; (2) la situación que lo llevó a enfrentar un proceso criminal se debió a un error de juicio del cual estaba arrepentido; (3) no medió intención criminal ni dolosa en su actuación, y (4) cumplió con el pago de las multas y penas especiales impuestas en las sentencias. Finalmente, solicitó que este Tribunal nombrara un Comisionado Especial para que su caso se atendiera en los méritos.

Entretanto, el 4 de marzo de 2015, la Oficina de la Procuradora General compareció ante este Tribunal mediante *Moción Informativa de la Procuradora General*. En lo pertinente, informó que además de las Sentencias dictadas por los cuatro cargos antes expuestos, el licenciado Ortiz Abrams fue encontrado culpable de infringir otro delito. A tales efectos, nos remitió copia certificada de la respectiva Sentencia. De ésta, surge que el 14 de enero de 2015 el Tribunal de Primera Instancia encontró culpable al licenciado Ortiz Abrams por tentativa de cometer el delito grave tipificado en

el Art. 25 de la Ley Núm. 8, 9 LPRA sec. 3224.[4] En consecuencia, el foro primario lo sentenció a cumplir tres meses y un día de reclusión. Además, le ordenó el pago de la pena especial para el delito en cuestión. *Véase* Sentencia emitida en el caso criminal <u>Pueblo de Puerto Rico v. Carlos A. Ortiz Abrams</u>, KST2014G0022. Celebrados los trámites de rigor, la sentencia fue suspendida bajo el régimen de libertad a prueba.

Ante ese cuadro, el 18 de marzo de 2015, dictamos una Resolución en la cual le concedimos 15 días al licenciado Ortiz Abrams para que mostrara causa por la cual no debíamos desaforarlo del ejercicio de la abogacía y notaría por motivo de las convicciones criminales. Luego de la concesión de una prórroga, el licenciado Ortiz Abrams compareció mediante *Escrito para Cumplimiento de Resolución*. En éste, reprodujo los argumentos esgrimidos en su escrito del 28 de enero de 2015. En particular, alegó, entre otras cosas, que: (1) se siente arrepentido; (2) la conducta que lo llevó a

---

[4]El Art. 25 establece que:

> Toda persona, funcionario o empleado público que directamente o por persona intermedia voluntariamente entre, alimente o supla información falsa a cualquier expediente gubernamental físico de vehículo de motor o al sistema de computadoras o voluntariamente por sí o a través de otra persona elimine, modifique o cambie la información contenida en el sistema de computadoras o en cualquier expediente gubernamental físico de vehículo de motor a sabiendas de que dichos actos no proceden, incurrirá en delito grave de cuarto grado. *Véase* 9 LPRA sec. 3224.

encarar se debió a un error de juicio; (3) carece de historial disciplinario; (4) goza de buena reputación en la comunidad, y (5) no medió intención criminal en sus actuaciones.[5] Además, nuevamente solicitó que este Tribunal nombrara un Comisionado Especial, en aras de atender los méritos de su caso.

## II

Como es ampliamente conocido, desde hace más de un siglo este Tribunal tiene la facultad inherente de regular el ejercicio de la abogacía en nuestra jurisdicción. Rivera Schatz v. ELA y C. Abo. PR II, 191 DPR 791, 802-803 (2014); *véanse*, además: *In re* Doitteau Cruz, 190 DPR 979, 981 (2014); *In re* Colón Ledée, 190 DPR 51, 54 (2014); *In re* García Suárez, 189 DPR 995, 998 (2013). Al amparo de esa autoridad, podemos desaforar o suspender a los miembros de la profesión que no estén aptos para ejercer tan delicado ministerio.[6] *In re* Colón

---

[5]Con posterioridad, el 30 de noviembre de 2015, el licenciado Ortiz Abrams compareció ante este Tribunal mediante *Moción de Paralización de los Procedimientos*. En esencia, solicitó que este Tribunal suspendiera el ejercicio de su facultad disciplinaria, toda vez que sometió una *Petición de Clemencia Ejecutiva* ante la consideración del Gobernador de Puerto Rico. En atención a su petición, le recordamos al licenciado Ortiz Abrams que hace más de una década dejamos meridianamente claro que el ejercicio de nuestra jurisdicción rebasa y es independiente del indulto o perdón del Poder Ejecutivo a un abogado convicto de delito. *In re* Silva Iglecia, 162 DPR 105, 122 (2004).

[6]Con relación a ello, nótese que, en su parte pertinente, la Sec. 9 de la Ley de 11 de marzo de 1909 contempla que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave —en conexión con el ejercicio de su profesión— o

Ledée, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re* Morell Corrada, 171 DPR 327, 330 (2007); *In re* González Díaz, 163 DPR 648, 650 (2005). Ese poder inherente de reglamentar la práctica jurídica es propio de este Tribunal y no está condicionado a estatuto alguno, siempre que se le conceda la oportunidad al letrado de ser oído en su defensa. *In re* González Blanes, 65 DPR 381, 391 (1945).

Ello significa que los motivos para ejercer nuestra facultad disciplinaria no se circunscriben a los que son específicamente dispuestos en alguna ley. *In re* Colón Ledée, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re* González Díaz, *supra*, pág. 650. Al contrario, se extienden a toda conducta desplegada por el abogado que afecte su condición moral y, de esa forma, lo haga indigno de ser miembro de este foro. *In re* Colón Ledée, *supra*, pág. 54; *In re García Suárez*, *supra*, pág. 998; *In re* González Díaz, *supra*, págs. 650-651; *In re* Morell Corrada, *supra*, pág. 330. En consecuencia, hemos sido enfáticos en afirmar que toda conducta delictiva de un miembro de la profesión que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión,

_____

que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión. *Véase* 4 LPRA sec. 735.

es motivo para desaforarlo o suspenderlo.[7] *In re* Colón Ledée, *supra*, pág. 54; *In re* García Suárez, *supra*, pág. 998; *In re* González Díaz, *supra*, pág. 651. En ese contexto, hemos resuelto que depravación moral consiste en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral.[8] *In re* Colón Ledée, *supra*, pág. 55; *In re* García Suárez, *supra*, pág. 999; *In re* González Díaz, *supra*, pág. 651.

Examinada la normativa aplicable, procedemos a dilucidar el asunto que nos ocupa.

### III

Sin duda, los actos por los cuales el licenciado Ortiz Abrams resultó convicto constituyen depravación moral y reflejan la ausencia de justicia, honradez y principios en su estado ético. Además, incurrió en tentativa de un delito grave y en varios cargos de delito menos grave cometidos en conexión con el ejercicio de su profesión. De esta forma, concluimos que

---

[7] En infinidad de ocasiones hemos separado inmediatamente de la profesión jurídica a abogados que resulten convictos por actos que implican depravación moral. *In re* Colón Ledée, 190 DPR 51, 54-55 (2014); *In re* García Suárez, 189 DPR 995, 998-990 (2013); *In re* Morell Corrada, 171 DPR 327, 330-331 (2007).

[8] Del mismo modo, hemos definido depravación moral como el estado del individuo, compuesto por una deficiencia en su sentido de la moral y la rectitud, en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana. *Véanse In re* Colón Ledée, *supra*, pág. 55; *In re* García Suárez, *supra*, pág. 999; *In re* Morell Corrada, *supra*, pág. 330; *In re* González Díaz, 163 DPR 648, 651 (2005).

el licenciado Ortiz Abrams está incapacitado para ejercer la práctica de la abogacía en nuestra jurisdicción. En vista de ello, procede que este Tribunal ejerza su facultad inherente de regular la profesión y, por consiguiente, suspenda inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Ortiz Abrams.

## IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Carlos A. Ortiz Abrams.

A tono con ello, se le impone al señor Ortiz Abrams el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Carlos A. Ortiz Abrams por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Ortiz Abrams                   TS-11,714

SENTENCIA

San Juan, Puerto Rico, a 12 de enero de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Carlos A. Ortiz Abrams.

A tono con ello, se le impone al señor Ortiz Abrams el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Carlos A. Ortiz Abrams por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo