EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                          | 2021 TSPR 154   |
|                                 |                 |
| Oscar J. Santamaría Torres      | 208 DPR _____   |

Número del Caso:  TS-16,552


Fecha:  13 de diciembre de 2021


Abogado del Sr. Oscar J. Santamaría Torres:

     Por derecho propio




Materia:  Conducta Profesional- Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.  La suspensión será efectiva el 13 de diciembre de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Oscar J. Santamaría Torres | TS - 16,552 | |

*PER CURIAM*

San Juan, Puerto Rico, a 13 de diciembre de 2021.

Ejercemos nuestra facultad disciplinaria y ordenamos la suspensión inmediata e indefinida del Lcdo. Oscar J. Santamaría Torres de la profesión legal por distanciarse de los principios de honradez y moral que deben distinguir a quienes pertenecemos a esta noble profesión.

I

El Lcdo. Oscar J. Santamaría Torres (licenciado Santamaría Torres) fue admitido al ejercicio de la abogacía el 20 de agosto de 2007 y prestó juramento como notario el 8 de enero de 2008.[1] Así las cosas, el 1 de diciembre de 2021, presentó ante nos una *Solicitud de Cambio a Estatus de*

---

[1] Mediante comunicación de 9 de diciembre de 2021, el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila De Jesús, nos informó que el Lcdo. Oscar J. Santamaría Torres solicitó mediante carta de 26 de octubre de 2021 la cesación voluntaria al ejercicio de la notaría, entregó su obra, así como, tres sellos notariales. Asimismo, indicó que la obra fue inspeccionada, aprobada y depositada en el Archivo Notarial del Distrito Notarial de San Juan. En vista de ello, la ODIN solicitó la cancelación de la fianza notarial.

*Abogado Inactivo en el Registro Único de Abogados y Abogadas*.

Asimismo, compareció nuevamente para suplementar su solicitud el 10 de diciembre de 2021.[2]

En su comparecencia, el licenciado Santamaría Torres expresó que:

3. [S]uscribí un acuerdo con Fiscalía Federal para declararme culpable por la comisión de los delitos de *conspiracy, federal funds bribery and kickbacks* bajo el 18 USC 371.[3]

4. Al momento no he resultado convicto por el foro federal, no obstante, es mi deber informar al Honorable Tribunal que estoy incapacitado para desempeñar éticamente los deberes y obligaciones que como miembro de la profesión me corresponden. Siendo ello así, muy respetuosamente, solicito que se me inactive del Registro de Abogados y

---

[2] El 10 de diciembre de 2021 compareció la Oficina del Procurador General para informar a este Tribunal sobre el Acuerdo de Culpabilidad suscrito por el licenciado Santamaría Torres.

[3] Mediante el Acuerdo de Culpabilidad (*Plea and Forteiture Agreement*) suscrito el 30 de noviembre de 2021 en el caso Crim. No. 21-464 (RAM), el licenciado Santamaría Torres se declaró culpable del cargo presentado en su contra por los delitos de conspiración y soborno (*Conspiracy, Federal Funds Bribery and Kickbacks*). En lo pertinente al cargo presentado en contra del licenciado Santamaría Torres, el Acuerdo de Culpabilidad expresa que:

Defendant agrees to waive his right to be indicted by a Grand Jury and plead guilty to a one-count Information charging the following:

Count One: Conspiracy, Federal Funds Bribery and Kickbacks. From in or about June 2017, until in or about February 2021 in the District of Puerto Rico, defendant OSCAR SANTAMARIA-TORRES did knowingly and willfully combine, conspire, and agree with others known and unknown to the government to commit offenses against the United States, including Federal Program Bribery, that is, to corruptly give, offer, and agree to give things of value to Individual A, a public official and agent of Cataño, with the intent of influencing and rewarding Individual A in connection with any business, transaction, and series of transactions of Cataño valued at $5,000 or more as opportunities arose, that is, municipal contracts. In each of the years 2017, 2018, 2019, 2020, and 2021, the municipality of Cataño received benefits in excess of $10,000.00 under federal programs involving grants, subsidies, loans, guarantees, insurance, and other forms of assistance, in violation of 18 U.S.C. §§ 371 and 666(a)(2).

Abogadas o que proceda con lo dispuesto en Sección 9 de la Ley de 11 de marzo de 1909.

5. Debido a la gravedad de los cargos por los cuáles me declar[é] culpable, quiero aclarar que no estoy solicitando una suspensión provisional en lo que se dicte una sentencia condenatoria y que ésta advenga final y firme.

6. Mi intención es que este Honorable Tribunal decrete mi inactividad del Registro de Abogados o lo que proceda en derecho de forma sumaria renunciando expresa y voluntariamente al derecho de ser escuchado conforme a lo pautado en *In re Peluzzo,* 195 DPR 323 (2016).

7. Es mi deseo hacer un reconocimiento público que mi conducta deshonró el honor y dignidad de mi profesión y que le he fallado a este Honorable Tribunal. Finalmente, como funcionario de los tribunales, le pido mis genuinas disculpas a los jueces y juezas del Tribunal Supremo.

POR TODO LO ANTERIORMENTE EXPUESTO, muy respetuosamente le ofrezco mis sinceras disculpas al Honorable Tribunal Supremo y le solicito que declare HA LUGAR el presente escrito procediendo con la suspensión inmediata y sumaria del suscribiente.

II

Este Tribunal tiene la facultad inherente de reglamentar la práctica de la abogacía en nuestra jurisdicción. *In re Velilla Reyes*, 200 DPR 248 (2018). En el ejercicio de esa autoridad, podemos desaforar o suspender a los miembros de la profesión que no estén aptos para desempeñar tan delicado ministerio. Íd.; *In re Ortiz Abrams*, 194 DPR 492, 495 (2016). Como hemos expresado en repetidas ocasiones, los motivos para ejercer esta facultad no están condicionados a estatuto alguno, sino que comprenden toda conducta del abogado que afecte su condición moral y lo haga

indigno de pertenecer a este Foro. Esto, siempre que se le conceda la oportunidad al letrado de ser oído en su defensa. *In re Velilla Reyes*, supra; *In re Peluzzo Perotín*, 195 DPR 323 (2016); *In re Ortiz Abrams*, supra.

Por ello, "hemos sido enfáticos en afirmar que toda conducta delictiva de un miembro de la profesión que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión es motivo para desaforarlo o suspenderlo". *In re Ortiz Abrams*, supra, pág. 496. Al respecto, hemos resuelto que la *depravación moral* consiste en actuar contrario a la ética, la justicia, la honradez, los buenos principios o la moral. Íd.; *In re Martínez Maldonado*, 185 DPR 1085 (2012).

III

El Lcdo. Oscar J. Santamaría Torres ha reconocido su culpabilidad por graves actos que lo incapacitan para ejercer la abogacía en nuestra jurisdicción. Asimismo, se ha allanado a que se le suspenda inmediata y sumariamente del ejercicio de la profesión en vez de ser suspendido provisionalmente en lo que se dicte una sentencia condenatoria. De igual forma, renuncia expresa y voluntariamente a ser escuchado. Por lo tanto, en virtud de nuestro poder inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción y luego de renunciar a la oportunidad de ser oído en su defensa, procede suspenderle inmediata e indefinidamente del ejercicio de la abogacía y de la notaría.

IV

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al Lcdo. Oscar J. Santamaría Torres.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

En virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Oscar J. Santamaría Torres | TS - 16,552 |  |

SENTENCIA

San Juan, Puerto Rico, a 13 de diciembre de 2021.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al Lcdo. Oscar J. Santamaría Torres.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

En virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo