EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                   | 2024 TSPR 73   |
|                          |                |
| Ivelisse Rivera Padilla  | 213 DPR ___    |

Número del Caso: TS-16,382

Fecha: 26 de junio de 2024

Oficina de Inspección de Notarías:

      Lcda. Nilda Emmanuelli Muñiz
      Directora Interina

Representante legal de Ivelisse Rivera Padilla:

      Lcda. Daisy Calcaño López

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por ser hallada culpable de delitos que implican depravación moral.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ivelisse Rivera Padilla                TS-16,382

*PER CURIAM*

En San Juan, Puerto Rico, a 26 de junio de 2024.

En esta ocasión nos vemos obligados a suspender indefinidamente del ejercicio de la abogacía y la notaría a una integrante de la profesión legal por su condena en el foro federal. Esto, tras declararse culpable de cometer varios delitos que implican depravación moral, falta de honradez y la descalifica de poder continuar ejerciendo como abogada. Veamos.

**I**

La Lcda. Ivelisse Rivera Padilla fue admitida al ejercicio de la abogacía el 26 de enero de 2007 y a la notaría el 6 de marzo de 2007.

Tras suscitarse unos hechos delictivos, la Fiscalía Federal presentó cargos en contra de la licenciada Rivera Padilla.[1] Así las cosas, el 16 de enero de 2024, la Secretaría del Tribunal Supremo nos refirió una comunicación procedente del Tribunal de Distrito Federal de los Estados Unidos para el Distrito de Puerto Rico. Mediante esta, tomamos conocimiento de que, la licenciada Rivera Padilla enfrentaba un caso ante dicho foro federal en el que hizo alegación de culpabilidad el 17 de octubre de 2023 por varios cargos relacionados con un esquema de fraude en un procedimiento en la Corte de Quiebras -que incluyó, entre otras cosas, omitir y encubrir información sobre propiedades y proveer falsas declaraciones-.[2]

El 22 de enero de 2024, la licenciada Rivera Padilla compareció ante este Tribunal mediante un escrito titulado *Urgentísima moción informativa sometiendo sentencia y en solicitud de remedios* mediante la cual solicitó la suspensión del ejercicio de la abogacía y la notaría conforme con el estado de derecho establecido.[3] Además, informó que la entrega de su obra protocolar fue coordinada

---

[1] Véase *Plea and Forfeiture Agreement* en el caso *United States of America v. Ivelisse Rivera Padilla*, Caso Núm. 3:23-cr-00058-01 (RAM).

[2] En particular, la *Sentencia* emitida en *United States of America v. Ivelisse Rivera Padilla*, Caso Núm. 3:23-cr-00058-01 (RAM), establece que la alegación de culpabilidad fue por los siguientes delitos: *Bankruptcy fraud*, 18 USCA sec. 157, y *Concealment of assets; false oaths and claims; bribery*, 18 USCA sec. 152 (1) & (3).

[3] Cabe resaltar que, cónsono con el estado de derecho aplicado por este Tribunal en estos casos, antes de la notificación de la *Resolución* ordenando que la licenciada Rivera Padilla mostrara causa por la cual no debía ser suspendida de forma provisional del ejercicio de la abogacía y la notaría y, además, ordenando la incautación preventiva e inmediata de la obra protocolar y el sello notarial de la abogada, la licenciada Rivera Padilla compareció mediante la *Urgentísima moción informativa sometiendo sentencia y en solicitud de remedios*.

y completada el 19 de enero de 2024 por lo que presentó una copia del *Recibo de entrega de obra protocolar al archivo notarial de San Juan*. También, incluyó una copia de la Sentencia emitida por el foro federal en *United States of America v. Ivelisse Rivera Padilla*, Caso Núm. 3:23-cr-00058-01 (RAM).

Luego de examinar la *Urgentísima moción informativa sometiendo sentencia y en solicitud de remedios* y la *Sentencia* dictada por el foro federal, el 25 de enero de 2024, emitimos una *Resolución* mediante la cual ordenamos la suspensión provisional e inmediata del ejercicio de la abogacía y la notaría de la licenciada Rivera Padilla -por lo que cancelamos la fianza notarial automáticamente-. Además, al considerar que la *Sentencia* emitida por el foro federal no había advenido final y firme, le apercibimos que, nos mantuviera informados sobre el estado del proceso penal en su contra y advertimos que, una vez la Sentencia dictada adviniera final y firme, procederíamos a suspenderla de manera indefinida de la profesión legal.[4]

Así, el 26 de febrero de 2024, la señora Rivera Padilla presentó una *Moción en cumplimiento de orden* en la que expresó que cumplió con lo ordenado por este Tribunal e incluyó una declaración jurada que reiteró la entrega de su obra protocolar -junto al sello notarial- y explicó que no

---

[4] También, le impusimos el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos pertinentes. En específico, le concedimos un término de 30 días para que acreditara y certificara ante esta Curia el cumplimiento de lo anterior.

poseía clientes a los que debía notificar ni tenía honorarios o expedientes que devolver. Como resultado, el 27 de marzo de 2024, emitimos una *Resolución* en la que el Tribunal se dio por enterado y le recordamos que debía mantener informado a este Foro sobre el estado del proceso penal en su contra. Posteriormente, el 26 de abril de 2024, este Tribunal le concedió un término de 10 días para informar sobre el estado del proceso criminal mencionado.

En cumplimiento con lo anterior, la señora Rivera Padilla compareció e informó que no apeló la determinación del foro federal por lo que advino final y firme el referido dictamen.

El 4 de junio de 2024, como resultado de la entrega de la obra notarial, la Oficina de Inspección de Notarías (ODIN) compareció ante nos mediante el *Informe sobre el estado de obra notarial incautada provisionalmente* y solicitó que le otorgáramos un término de 30 días a la señora Rivera Padilla para encaminar el proceso de subsanación de la obra protocolar, el libro de Registro de Testimonios y la deficiencia arancelaria. Luego, presentó una moción *Sobre el anejo 1 del Informe de estado de obra notarial incautada provisionalmente* que incluyó el *Informe sobre estado de obra notarial incautada de la Sra. Ivelisse Rivera Padilla, Notario Número 16382* en el que se detallaron las deficiencias respecto a la obra notarial.

Como resultado de lo anterior, procedemos a esbozar la normativa aplicable al proceso disciplinario ante nuestra consideración.

**II**

Como sabemos, el Tribunal Supremo tiene el poder inherente de reglamentar la profesión legal.[5] Asimismo, este Foro tiene autoridad para desaforar o suspender a los miembros de la profesión que no estén aptos para desempeñar tan delicada labor.[6] Por ello, hemos sido enfáticos en afirmar que toda conducta delictiva de un miembro de la profesión que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es motivo para desaforarlo o suspenderlo.[7] Lo anterior, es cónsono con lo establecido en la Sec. 9 de la Ley de 11 de marzo de 1909.[8]

De manera que, "[c]uando de una sentencia federal surge la admisión de unos hechos que implican depravación moral y falta de honradez, corresponde la separación inmediata de un miembro de la profesión legal".[9]

**III**

Tras evaluar el expediente de la señora Rivera Padilla, queda claro que esta hizo alegación de culpabilidad en el foro federal. Así, el Tribunal Federal para el Distrito de Puerto Rico dictó Sentencia y esta

---

[5] *In re Santamaría Torres*, 208 DPR 383, 385 (2021); *In re Santiago Maldonado,* 206 DPR 1029, 1039 (2021); *In re Velilla Reyes*, 200 DPR 248, 250 (2018).

[6] *In re Santamaría Torres*, supra; *In re Velilla Reyes*, supra; *In re García Suárez*, 189 DPR 995, 998 (2013).

[7] *In re Santamaría Torres*, supra, (citando a *In re Ortiz Abrams*, 194 DPR 492, 496 (2016)).

[8] 4 LPRA sec. 735.

[9] *In re Pierluisi Isern*, 2023 TSPR 134, 213 DPR __ (2023) (citando a *In re Peluzzo Perotín*, 195 DPR 323, 328 (2016)).

advino final y firme. Por consiguiente, como la señora Rivera Padilla cometió varios delitos relacionados con un esquema de fraude ante la Corte de Quiebras que implican depravación moral y falta de honradez, es evidente que está incapacitada para practicar la profesión legal.

Por ello, en virtud de nuestro poder inherente para reglamentar la abogacía y de lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, procede la suspensión inmediata e indefinida de la señora Rivera Padilla del ejercicio de la abogacía y la notaría.

## IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, decretamos la suspensión inmediata e indefinida de la señora Rivera Padilla del ejercicio de la abogacía y la notaría.

Finalmente, en vista de lo solicitado por la ODIN, se le concede un término de 30 días a la señora Rivera Padilla para llevar a cabo las acciones conducentes a la subsanación de las deficiencias señaladas en su obra protocolar. Además, se le apercibe que, de incumplir con el término expuesto, se expone a ser referida a un procedimiento de desacato civil en el Tribunal de Primera Instancia.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Rivera Padilla mediante correo electrónico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ivelisse Rivera Padilla          TS-16,382

*SENTENCIA*

En San Juan, Puerto Rico, a 26 de junio de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hacer formar parte íntegra de esta Sentencia, decretamos la suspensión inmediata e indefinida de la Sra. Ivelisse Rivera Padilla del ejercicio de la abogacía y la notaría.

Finalmente, en vista de lo solicitado por la ODIN, se le concede un término de 30 días a la señora Rivera Padilla para llevar a cabo las acciones conducentes a la subsanación de las deficiencias señaladas en su obra protocolar. Además, se le apercibe que, de incumplir con el término expuesto, se expone a ser referida a un procedimiento de desacato civil en el Tribunal de Primera Instancia.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Rivera Padilla mediante correo electrónico.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo