EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
| Alejandro G. Carrasco Castillo | 2025 TSPR 31<br><br>215 DPR ___ |

Número del Caso:  TS-8,193

Fecha:  26 de marzo de 2025

Representante legal del Sr. Alejandro G. Carrasco Castillo:

    Lcda. Margarita Carrillo Iturrino

Materia:  Conducta Profesional – Suspensión permanente e indefinida del ejercicio de la abogacía y la notaría por actos que implican depravación moral al ser encontrado culpable y sentenciado en el foro federal.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re*: | | |
|---|---|---|
| Alejandro G. Carrasco Castillo | TS-8193 | Conducta Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 26 de marzo de 2025.

En el ejercicio de nuestro poder inherente para reglamentar la profesión legal en Puerto Rico, en esta ocasión nos vemos obligados a suspender permanente e indefinidamente de la práctica de la abogacía y la notaría a un profesional del Derecho, por incurrir en conducta delictiva de la cual fue encontrado culpable y posteriormente sentenciado en el foro federal.[1]

Con su conducta, el abogado se apartó de los principios de honradez y moral que deben distinguir a quienes pertenecemos a esta noble profesión. Dicha conducta denota

---

[1] En vista de que el Sr. Alejandro G. Carrasco Castillo (señor Carrasco Castillo o abogado) fue suspendido provisionalmente de la profesión legal, para fines de la ponencia nos referiremos a éste en el historial procesal como "licenciado Carrasco Castillo o abogado" hasta la fecha de su suspensión.

un carácter moralmente corrompido que le inhabilita para continuar ejerciendo la profesión jurídica en nuestra jurisdicción.

I

El licenciado Carrasco Castillo fue admitido a la profesión legal el 10 de enero de 1986 y prestó juramento como notario el 11 de julio de 1986.

A los fines de contextualizar el devenir del asunto que aquí concierne, precisamos señalar que hace más de una década las autoridades federales comenzaron a investigar un alegado esquema de corrupción gubernamental en el cual tres (3) municipios de Puerto Rico -Río Grande, Barceloneta y Juncos- otorgaron contratos a una firma de consultoría ambiental liderada por el Sr. Juan Carlos Mercado (contratista). Como resultado de dicha investigación, las autoridades federales arrestaron al contratista en febrero de 2012 y éste accedió a cooperar en la grabación de conversaciones entre el Sr. Eduardo Rivera Correa, exalcalde del Municipio de Río Grande, y el licenciado Carrasco Castillo, quien fungía como representante legal de esos municipios.[2]

Finalmente, el 8 de julio de 2014, el abogado fue acusado por un Gran Jurado Federal en el Tribunal de Distrito Federal para el Distrito de Puerto Rico (Tribunal federal) por cuatro (4) cargos de soborno asociado con

---

[2] Véase United States of America v. Alejandro Carrasco-Castillo, Caso Núm. 21-1396, pág. 2.

fondos federales en violación a1 18 USC sec. 666(a)(1)(B).[3]

En cada uno de estos cargos se le imputó al abogado haber solicitado y aceptado dinero del contratista a cambio de que le ayudara a obtener contratos con los mencionados municipios. Por este esquema de corrupción gubernamental, el licenciado Carrasco Castillo enfrentó juicio y el 11 de diciembre de 2019 un Jurado emitió un veredicto unánime de culpabilidad en los cuatro (4) cargos imputados en su contra.

El 12 de diciembre de 2019, la Secretaría del Tribunal federal remitió a este Foro una copia del veredicto emitido en el mencionado caso. Ante esto, el 2 de enero de 2020, emitimos una *Resolución* en la que le concedimos al abogado un término de diez (10) días para que mostrara causa por la cual no debíamos suspenderlo provisionalmente del

---

[3] Véase <u>United States of America v. Alejandro Carrasco-Castillo</u>, Caso Núm. 14-423 (FAB). En particular, el 18 USC sec. 666(a)(1)(B) dispone lo siguiente:

> **18 U.S. Code § 666 - Theft or bribery concerning programs receiving Federal funds**
>
> (a) Whoever, if the circumstance described in subsection (b) of this section exists—
>
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—
>
> . . . . . . . .
>
> (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or
>
> . . . . . . . .
>
> shall be fined under this title, imprisoned not more than 10 years, or both.

ejercicio de la abogacía y la notaría, al amparo de nuestro poder inherente de reglamentar el ejercicio de la profesión legal y lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735.[4] Además, como medida cautelar, ordenamos al Alguacil de este Tribunal a incautar preventivamente la obra y el sello notarial del licenciado Carrasco Castillo.[5]

En cumplimiento de orden, el 13 de enero de 2020, el abogado presentó una moción en la cual manifestó que se allanaba a la determinación de suspensión provisional de la abogacía y la notaría. Asimismo, informó que el 30 de diciembre de 2019 había presentado un escrito ante Tribunal federal mediante el cual solicitó que se dejara sin efecto el veredicto en su contra y se determinara la no culpabilidad en su caso. Añadió que, de no ser favorable dicha solicitud, apelaría su sentencia.

Luego de evaluar la mencionada moción, el 24 de enero de 2020 emitimos una *Resolución* en la que ordenamos la

---

[4]    De acuerdo con la Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735, cuando un abogado es hallado culpable de cualquier delito que implique depravación moral, como es el caso del soborno, deberá ser suspendido o destituido de la profesión jurídica.

[5]    Luego de la incautación preventiva de la obra notarial, el 4 de febrero de 2020 emitimos una *Resolución* mediante la cual le concedimos al abogado un término de sesenta (60) días para que subsanara las deficiencias en su obra notarial, según consignado en el *Informe sobre el estado de la obra notarial incautada* presentado el 27 de enero de 2020 por el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (ODIN).

Más adelante, el 10 de julio de 2020, el Director de la ODIN, presentó un *Informe final sobre el estado de la obra notarial incautada*, en el cual informó que el señor Carrasco Castillo había cumplido con el proceso de subsanación de su obra protocolar, por lo que no tenía asunto adicional pendiente ante la ODIN. Así las cosas, el 31 de julio de 2020, emitimos una *Resolución* mediante la cual nos dimos por enterado del Informe de la ODIN y dimos por terminada la fianza que garantizaba la función notarial del abogado. El archivo en autos de copia de la *Resolución* fue el 18 de agosto de 2020.

suspensión provisional del licenciado Carrasco Castillo del ejercicio de la abogacía y la notaría. A su vez, le ordenamos que nos mantuviera informados sobre el estado del proceso penal que se seguía en su contra ante el Tribunal federal y le apercibimos que, de ser confirmada la condena y ésta adviniera final y firme, procederíamos a suspenderlo de manera indefinida de la profesión legal.

Más adelante, el 30 de abril de 2021, el señor Carrasco Castillo presentó una *Moción en cumplimiento de Resolución*, en la que nos informó que el 27 de abril de 2021 el Tribunal federal había dictado sentencia y le impuso una pena de reclusión de diez (10) años en cada uno de los cargos imputados, a ser cumplidos de forma concurrente. A su vez, indicó que se proponía apelar la sentencia impuesta, por lo que nos solicitó que se mantuviera la suspensión provisional del ejercicio de la abogacía y la notaría hasta tanto culminara el trámite apelativo. Por último, se comprometió a informar a este Tribunal el resultado del proceso apelativo.

Así pues, el 12 de mayo de 2021, declaramos con lugar la *Moción en cumplimiento de Resolución* presentada por el señor Carrasco Castillo el 30 de abril de 2021, por lo que mantuvimos en vigor la suspensión provisional del abogado. También le ordenamos que nos mantuviera informados sobre el resultado del trámite apelativo para revisar su sentencia condenatoria y le recordamos que, de confirmarse su sentencia, procederíamos a suspenderlo indefinidamente del ejercicio de la abogacía y la notaría.

Transcurridos casi cuatro (4) años desde nuestra última disposición en el caso, el 23 de enero de 2025 el señor Carrasco Castillo presentó una *Moción informativa y en cumplimiento de orden* ante este Foro. En ésta expuso que apeló su condena ante el Tribunal de Apelaciones para el Primer Circuito de Estados Unidos (Caso Núm. 21-1396) y dicho foro confirmó la sentencia impuesta. Añadió que recurrió ante el Tribunal Supremo de Estados Unidos y éste denegó la expedición del auto de *certiorari* presentado (Caso Núm. 23-7754).[6] Por todo lo cual, el señor Carrasco Castillo nos solicitó que demos por cumplida la *Resolución* del 24 de enero de 2020.

## II

En múltiples ocasiones hemos expresado que este Tribunal tiene el poder inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. *In re* Catalá Suárez, 213 DPR 131, 134 (2023); *In re* Reyes Martínez, 207 DPR 536, 539 (2021); *In re* Santiago Maldonado, 206 DPR 1029, 1039 (2021). Este Foro puede desaforar o suspender por un término específico a los miembros de la profesión legal que no sean aptos para ejercer tal ministerio. *In re* Catalá Suárez, *supra*, pág. 134; *In re* Santamaría Torres, 208 DPR 383, 385-386 (2021); *In re* Ortiz Abrams, 194 DPR 492, 495 (2016).

---

[6] Según pudo constatar la Secretaría de este Tribunal, la Petición de *certiorari* que presentó el señor Carrasco Castillo ante el Tribunal Supremo de Estados Unidos fue denegada el 25 de noviembre de 2024.

La Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, provee un procedimiento de separación sumaria de la profesión jurídica en aquellos casos en los que recaiga un dictamen de culpabilidad en contra de un abogado. *In re* Peluzzo Perotín, 195 DPR 323, 327 (2016), citando a S. Steidel Figueroa, *Ética y responsabilidad disciplinaria del abogado*, San Juan, Pubs. JTS, 2010, pág. 356. En lo pertinente, dicha disposición expone lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión.

Así pues, dicho mecanismo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, hace innecesario el proceso disciplinario ordinario fijado en la Regla 14 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. *In re Velilla Reyes*, 200 DPR 248, 252 (2018); *In re Peluzzo Perotín*, *supra*, págs. 327-328.

Se sabe que las funciones inherentes al profesional del Derecho como oficial del Tribunal provocan que un abogado convicto según lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, no pueda descargar sus deberes éticos profesionales. *In re Peluzzo Perotín*, *supra*, pág. 328; *In re Zúñiga López*, 177 DPR 385, 389 (2009).

Cuando un abogado se declara culpable de un delito en conexión con el ejercicio de la profesión legal y de hechos que implican depravación moral y falta de honradez, corresponde su separación de la profesión. *In re* Catalá Suárez, *supra*, pág. 135; *In re* Castro Ward, 202 DPR 168, 170 (2019); *In re* Vázquez Torres II, 182 DPR 853, 855 (2011).

De igual forma, hemos enfatizado que toda conducta delictiva de un integrante de la profesión legal que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de la profesión es motivo para desaforarlo o suspenderlo. *In re* Santamaría Torres, *supra*, pág. 386; *In re* Ortiz Abrams, *supra*, pág. 496; *In re* Colón Ledée, 190 DPR 51, 54 (2014). Particularmente, hemos manifestado que la depravación moral consiste en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. *In re* Santamaría Torres, *supra*, pág. 386; *In re* Colón Ledée, *supra*, pág. 55.

A la luz de la normativa antes esbozada, procedemos a disponer del presente asunto disciplinario.

III

Luego de evaluar el expediente del señor Carrasco Castillo, queda claro que éste fue declarado culpable en el Tribunal federal y así fue confirmado por los foros apelativos a los que recurrió. La conducta que éste desplegó constituye depravación moral y evidencia una total falta de respeto, honradez y sinceridad.

Así pues, es evidente que el abogado está incapacitado para practicar la profesión legal y ello constituye motivo suficiente para suspenderlo de la abogacía en Puerto Rico. Por consiguiente, de acuerdo con lo establecido por la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, y con nuestra facultad para reglamentar la profesión jurídica, procede la suspensión permanente e indefinida del señor Carrasco Castillo del ejercicio de la abogacía y la notaría.

## IV

Por los fundamentos antes expuestos, se suspende permanente e indefinidamente al señor Carrasco Castillo del ejercicio de la abogacía y la notaría.

En consecuencia, y de no haberlo hecho aún, el señor Carrasco Castillo deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Alejandro G. Carrasco Castillo    TS-8193

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 26 de marzo de 2025.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende permanente e indefinidamente al Sr. Alejandro G. Carrasco Castillo del ejercicio de la abogacía y la notaría.

En consecuencia, y de no haberlo hecho aún, el señor Carrasco Castillo deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* y Sentencia.

Notifíquese por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                  Javier O. Sepúlveda Rodríguez
                                  Secretario del Tribunal Supremo